## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| **ROBERT BRYANT,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) |
| **v.** | )<br>) CIVIL ACTION NO. 2:22-CV-00262 |
| **GESTAMP WEST VIRGINIA, LLC,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

### AGREED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding judge. The Court, finding that good cause supports the entry of this Order, hereby **ORDERS** as follows:

**I.  DISCOVERY PHASE**

A. If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as **"CONFIDENTIAL."** The individual or entity designating the document or materials as **"CONFIDENTIAL"** must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the

designating individual or entity that a document or other material has been improperly marked as **"CONFIDENTIAL,"** the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked **"CONFIDENTIAL".**

      B.      If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

      C.      No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      D.      Any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, at any discovery deposition taken in this action.

      E.      If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**" or the contents thereof, to any person actively engaged in working on this action (*e.g.*, expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

      1.      Provide a copy of this Protective Order to the person to whom disclosure is made;

      2.      Inform the person to whom disclosure is made that s/he is bound by this Protective

Order;

3.    Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**" at the conclusion of the case, including notes or memoranda made from material marked "**CONFIDENTIAL;**"

**II.    POST-DISCOVERY PHASE**

A.    If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

**ENTERED** this \_\_\_\_\_ day of _____, 2022.

_____
**HONORABLE JOHN T. COPENHAVER, JR.
SENIOR U.S. DISTRICT JUDGE**

*Inspected and Agreed to by:*

*/s/  Richard W. Walters*
Richard W. Walters, Esquire (#6808)
Ryan W. Walters (#14113)
**SHAFFER & SHAFFER, PLLC**
P.O. Box 3973
Charleston, West Virginia 25339
(304) 344-8716
*Counsel for Robert Bryant*


*Prepared by:*

*/s/  Raj A. Shah*
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
rshah@handl.com

Ronald Flowers, Esquire
(*pro hac vice*)
**BURR & FORMAN LLP**
Suite 3400 / 420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000
rflowers@burr.com

Chandler E. Aragona (#13695)
**BURR & FORMAN LLP**
Suite 400 / 100 Calhoun Street
Charleston, South Carolina 29401
(843) 723-7831
caragona@burr.com

*Counsel for Gestamp West Virginia, LLC*