IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT BRYANT,

        Plaintiff,

v.                                              CIVIL ACTION NO. 2:22-cv-00262

GESTAMP WEST VIRGINIA, LLC,

        Defendant.

**ORDER**

This matter is before the undersigned on the motion of Plaintiff Robert Bryant ("Plaintiff") to Compel discovery responses from Defendant Gestamp West Virginia LLC ("Defendant"). (ECF No. 17.) Therein, Plaintiff seeks an order compelling Defendant to serve supplemental, complete responses to Plaintiff's first set of discovery requests that Plaintiff served on September 9, 2022. (*See* ECF Nos. 17-1; 18 at 2, 8.) For the reasons set forth herein, Plaintiff's motion is **DENIED WITHOUT PREJUDICE** as to refiling.

**I.    BACKGROUND**

The presiding District Judge entered a Scheduling Order in this employment-discrimination action on August 1, 2022. (ECF No. 7.) Plaintiff asserts that he served Defendant with discovery requests thereafter on September 9, 2022, and Defendant served responses on October 17, 2022 pursuant to a short extension of time Plaintiff granted at Defendant's request. (ECF No. 18 at 2.) Plaintiff asserts that Defendant's October 17, 2022 responses were inadequate, largely due to "impermissible general objections" that "cloud[] the responsiveness of each interrogatory and [document] request." *Id.* at 2-3. On October 27, 2022, "Plaintiff sent correspondence to the Defendant

. . . in an attempt to remedy these discovery deficiencies without court intervention." *Id*. at 2. Plaintiff further asserts that he granted Defendant another extension of time to respond to Plaintiff's correspondence and negotiated a protective order with Defendant, but that Defendant's ultimate November 15, 2022 response to Plaintiff's correspondence continued to maintain Defendant's "various general objections, as well as, insufficient objections to specific Interrogatories and Requests for Production." *Id*. at 2-3.

Plaintiff now seeks an order ruling that Defendant's general objections are impermissible, and requiring Defendant to disclose any information that may have been withheld on the basis of its general objections. *See id*. Plaintiff further requests an order compelling Defendant to serve supplemental, complete responses to Interrogatory Number 14, as well as Request Numbers 3, 15, 17, and 18. *See id*.

## II. <u>LEGAL STANDARD</u>

Rule 37 of the Federal Rules of Civil Procedure governs motions for an order compelling discovery responses. The Rule provides, in relevant part:

> [a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: [. . .] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). Furthermore, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Importantly, this Court's Local Rules of Civil Procedure limit the circumstances under which a party may present a motion to compel:

> Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order. The 30-day deadline may be extended by court order for good cause shown, or by stipulation of the parties, so long as the extension does not interfere with the scheduling order. Any such stipulation must be filed pursuant to LR Civ P 11.2 . . . [which requires that stipulations] must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk.

L.R. Civ. P. 37.1(c), 11.2. The Federal Rules of Civil Procedure also require that a party moving for an order compelling disclosure or discovery "must include" in his or her motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Notably, the Court's Local Rules further require as follows:

> Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer *in person or by telephone to narrow the areas of disagreement to the greatest possible extent*. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

L.R. Civ. P. 37.1(b) (emphasis added).

In applying the Federal and Local Rules, "substantial discretion" is conferred upon this Court "in managing discovery." *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). "Resolution of a motion to compel," therefore, "is generally left within the broad discretion of the District Court." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 504 (S.D. W. Va. 2003) (citing *Lone Star*, 43 F.3d at 929) (denial of motion to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's

3

substantial discretion in resolving motions to compel); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same)).

## III. DISCUSSION

Plaintiff's motion fails to demonstrate compliance with the meet-and-confer prerequisite for filing a motion to compel discovery as set forth by the Court's Local Rules, which require "a good faith effort to confer *in person or by telephone* to narrow the areas of disagreement to the greatest possible extent." L.R. Civ. P. 37.1(b) (emphasis added). Rule 37.1(b) expressly places the "responsibility . . . to arrange for the meeting" on "counsel for the moving party." *Id.* The purpose of this Local Rule is to foster compromise and conserve judicial resources, and it requires the cooperation and good-faith participation by both parties.

Certainly, Plaintiff asserts in his motion that the parties conferred by correspondence regarding Plaintiff's deficiency letter and extensions of time for Defendant to respond. Further, Plaintiff asserts that he "negotiated a protective order with the Defendant[.]" (ECF No. 18 at 2.) However, Plaintiff fails to indicate that the parties or their counsel conferred in person or by telephone, or to certify that the parties have narrowed the areas of disagreement to the greatest possible extent. As Magistrate Judge Eifert explained recently, "[a] letter or other written communication—such as an email—does not, on its own, satisfy this District's meet and confer requirement." *Murphy v. Setzer's World of Camping, Inc.*, 3:20-CV-406, 2021 WL 4899165, at *3 (S.D. W. Va. Oct. 20, 2021) (citing *HSBC Bank USA, Nat'l Ass'n v. Resh*, 2014 WL 317820, at *8 (S.D. W. Va. Jan. 28, 2014)). Without more, therefore, the parties' written correspondence simply falls short of the Court's good-faith-effort requirement to confer in person or by

telephone. Plaintiff therefore failed to demonstrate the requisite compliance with his duty to confer under Rule 37.1(b) of the Local Rules.

Plaintiff's motion also fails because it does not demonstrate application of either exception to Rule 37.1(c) of the Local Rules, which provides that a party waives its ability to file a motion to compel if not filed within 30 days after the due date for the subject discovery. L. R. Civ. P. 37(c). Plaintiff asserts that he served Defendant with discovery requests on September 9, 2022. The deadline for Defendant to serve its responses was October 10, 2022. Fed. R. Civ. P. 6(a)(1)(C), 33(b)(2), 34(b)(2)(A). Thus, the deadline for Plaintiff to file a motion to compel under the Court's Local Rules was November 9, 2022. L.R. Civ. P. 37.1(c). However, Plaintiff did not file his motion to compel until November 29, 2022—and thus failed to meet the 30-day deadline under Rule 37.1(c). (ECF No. 17.) By operation of the Rule, therefore, Plaintiff has waived the filing of a motion in aid of this discovery.

Generally, so long as the extension does not interfere with the scheduling order, the 30 day deadline may be extended either (1) by court order for good cause shown, or (2) by stipulation of the parties filed on the record pursuant to Local Rule 11.2. *See* L.R. Civ. P. 37.1(c). Here, however, Plaintiff has not demonstrated that either of these exceptions apply. First, Plaintiff has neither sought an extension of the 30-day deadline, nor demonstrated good cause for an extension. Next, while Plaintiff asserts in his motion that he "granted" Defendant's requests for an extension of time (*see* ECF No. 18 at 2), notably, the parties did not file a stipulation on the record pursuant to Rule 11.2 regarding either agreed extension of time. Plaintiff therefore failed to demonstrate that either of the exceptions to the 30-day deadline apply. Plaintiff further failed to address whether an extension would interfere with the Court's scheduling order. For these reasons, the

undersigned **FINDS** that Plaintiff's motion failed to meet Plaintiff's burden to demonstrate that the relief sought is appropriate under the circumstances.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Compel (ECF No. 17) is **DENIED WITHOUT PREJUDICE**, with leave to re-file. Any renewed motion to compel should (a) demonstrate good cause for Plaintiffs' failure to move to compel within 30 days after Defendant's responses to the discovery requests were due; (b) address whether an extension of Plaintiffs' deadline to do so would interfere with the Court's scheduling order; and (c) detail Plaintiffs' good-faith efforts to meet and confer in person or by telephone—including efforts subsequent to the entry of this Order—to narrow the areas of disagreement to the greatest possible extent as required.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 30, 2022

_____
Dwane L. Tinsley
United States Magistrate Judge