```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ROBERT BRYANT,

   Plaintiff,

v.           Civil Action No. 2:22-cv-00262

GESTAMP WEST VIRGINIA, LLC,

   Defendant.


## MEMORANDUM OPINION AND ORDER


   Pending is "Plaintiff's Motion for Leave to Amend Complaint," filed on July 27, 2023.  ECF 56.


## I.  Background


   This case arises from Gestamp West Virginia, LLC's ("defendant") decision to include Robert Bryant ("plaintiff") in a reduction in force on May 8, 2020.  After being laid off, plaintiff initiated this action on April 5, 2022, by filing his single count complaint based on age discrimination in violation of the West Virginia Human Rights Act in the Circuit Court of Kanawha County, West Virginia.  See ECF 1-1.  Defendant removed this action and invoked the court's diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the parties are completely diverse.  ECF 1 ¶ 11.

On August 1, 2022, the court entered its Scheduling Order which set the deadline for both parties to amend the pleadings for August 18, 2022.  The discovery deadline was set for April 14, 2023, and the deadline for the filing of dispositive motions was May 4, 2023.  The Scheduling Order set the pretrial conference for August 4, 2023, with the final settlement conference occurring on August 21, 2023, and trial commencing on August 22, 2023.  <u>See</u> ECF 7.

On July 27, 2023, plaintiff filed his "Motion for Leave to Amend Complaint" and supporting memorandum of law, which are currently before the court.  <u>See</u> ECF 56 and 57. Defendant opposes plaintiff's motion and on August 7, 2023, filed a response in opposition.  <u>See</u> ECF 59.  Plaintiff filed his reply to defendant's response on August 10, 2023.  ECF 60.

Because of the late filing of the motion for leave to amend the complaint, the pretrial conference was rescheduled for August 18, 2023, and trial rescheduled for September 19, 2023, in order to allow sufficient time for briefing and decision on the motion.  <u>See</u> ECF 58.

## II.   Governing Standard

"The district courts have applied a two-step analysis for use when a motion to amend the pleadings is made after the deadline set in the scheduling order has passed: (1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Robinette v. Zurich Am. Ins. Co., No. 2:19-cv-00688, 2021 WL 1436637 at *2 (S.D. W. Va. Apr. 15, 2021) (Copenhaver, J) (quoting 3 Moore's Federal Practice – Civil § 16.13 (2021)); see also Hawkins v. Leggett, 955 F. Supp.2d 474, 497-99 (D. Md. 2013) (stating and applying two-part test).  While "leave to amend a complaint should be 'freely give[n]...when justice so requires, Fed. R. Civ. P. 15(a)(2), after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings." RFT Mgmt. Co., LLC v. Powell, 607 Fed. Appx. 238, 242 (4th Cir. 2015) (quoting Nourison Rug Co. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)); see also Faulconer v. Centra Health, Inc., 808 Fed. Appx. 148 (4th Cir. 2020) (reasoning good cause standard in Rule 16(b) applied in determining whether amendment to complaint after scheduling order deadline expired was appropriate); McMillan v. Cumberland Cnty. Bd. of Educ., 734 Fed. Appx. 836

(4th Cir. 2018) (same); <u>Montgomery v. Anne Arundel Cnty.,</u>
<u>Maryland</u>, 182 Fed. Appx. 156 (4th Cir. 2006) (same).

 Courts have noted "Rule 16(b)'s good cause standard
focuses on the timeliness of the amendment and the reasons for
its tardy submission; the primary consideration is the diligence
of the moving party." <u>Montgomery</u>, 182 Fed. Appx. at 162; <u>see</u>
<u>also</u> <u>Faulconer</u>, 808 Fed. Appx. at 152 ("[T]he 'touchstone of
[the] good cause requirement is 'diligence.'"). "[T]he good-
cause standard will not be satisfied if the [district] court
concludes that the party seeking relief (or that party's
attorney) has not acted diligently in compliance with the
schedule." <u>Cook v. Howard</u>, 484 Fed. Appx. 805, 815 (4th Cir.
2012).

 Amendments under Rule 15(a)(2), should be freely given
"when justice so requires;" however, leave should be denied
"when the amendment would be prejudicial to the opposing party,
there has been bad faith on the part of the moving party, or the
amendment would be futile." <u>Laber v. Harvey</u>, 438 F.3d 404, 426
(4th Cir. 2006) (quoting <u>Johnson v. Oroweat Food Co.</u>, 785 F.2d
503, 509 (4th Cir. 1986)).

III.   Analysis


Plaintiff seeks leave to amend his complaint to add two additional causes of action, with the first being labeled "National Origin Discrimination in Violation of the West Virginia Human Rights Act," and the second being titled "Wrongful Discharge in Violation of Substantial Public Policy of the State."[1]  See ECF 56-4.  Plaintiff contends that leave should be granted pursuant to Rule 15(a)(2), as his claims have significant merit, would not prejudice the defendant, and his additional causes of action are not being pursued in bad faith. ECF 57 at 3-11.  Plaintiff also maintains that throughout the course of this case, defendant has "concealed" information concerning the comparator which forms the basis for the two additional causes of action.  See ECF 57 at 9-10; ECF 60 at 4-10.

In opposition, defendant asserts that plaintiff has failed to satisfy the good cause standard of Rule 16(b), as he has failed to show that he pursued the amendment with reasonable

---

[1] Plaintiff's proposed claim titled "Wrongful Discharge in Violation of Substantial Public Policy of the State" is being brought pursuant to Harless v. First Nat'l Bank in Fairmont, 162 W. Va. 116, 246 S.E.2d 270 (1978).  Plaintiff avers "[i]mmigration status and protection against immigrant discrimination as set forth in 8 USCS § 1324(b) constitutes substantial public policy of the State of West Virginia."  ECF 56-4 ¶ 25.

diligence.  ECF 59 at 3-7.  Defendant also argues that it would be unduly prejudiced by the proposed amendment and that the additional causes of action are without merit.  <u>Id</u>. at 7-14.

      a. <u>Plaintiff fails to satisfy the good cause standard of Rule 16(b)</u>

Because plaintiff seeks to amend his complaint after the deadline to amend the pleadings has passed, plaintiff must satisfy the good cause standard of Rule 16(b).[2]

Defendant correctly notes that plaintiff's motion for leave to amend (ECF 56) and supporting memorandum of law (ECF 57) fail to address the Rule 16(b) good cause standard.  ECF 59 at 1.  Plaintiff does briefly assert in his initial memorandum of law that defendant "concealed" information concerning the proposed comparator, Diana Hernandez, before more fully briefing the issue under the good cause standard in his reply brief.  <u>See</u> ECF 60 at 4-9.  Because the court finds plaintiff was in receipt of information which would have alerted plaintiff to the possible presence of discrimination claims based on national origin and immigration status long before July 27, 2023, the

---

[2] Rule 16(b) states in relevant part, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

court finds, for the reasons set forth herein, that plaintiff has failed to pursue the amendment with diligence.

Defendant notes in his response brief that plaintiff knew no later than April 13, 2023, of the potential discrimination claims based on national origin and immigration status.  On that date, plaintiff deposed three of defendant's employees: Scott Hughes, Elio Gonzalez, and Chris Nottingham.  <u>See</u> ECF 33 Plaintiff's Notice of Depositions.  Defendant's response brief specifically cites to the following testimony, concerning Ms. Hernandez, given by Mr. Hughes in response to questions posed by counsel for the plaintiff:

Q. She was reduced -- or reduced -- she was laid off?

A. She was selected, yes, sir.

Q. Was she laid off?

A. Eventually, yes.

Q. When was she laid off?

A. I don't know the exact date.

Q. It wasn't May 8th?

A. It was not, no.

Q. Why wasn't it May 8th?

A. Diana had expressed -- Diana came from Mexico and she had expressed interest in moving to another location. So just like the others, we were trying to save as many jobs as possible. We were offering people other positions, and Diana was the same way. We

offered her another position at another location, because she had expressed interest in wanting to move.

...

Q. Was that offer made to Mr. Bryant?

A. We offered Mr. Bryant another position in the company.

...

Q. If you look at Exhibit 4, is Ms. Hernandez on this list?

A. Yes, she is.

...

Q. Was Ms. Hernandez laid off effective May 8, 2020?

A. No, not at that time.

Q. So why is she on the list?

A. Again, we were trying to save as many jobs as possible, so Ms. Hernandez, where she came from Mexico, if we eliminated her right then, she would have to be shipped out of the country. She's [sic] have to go back to Mexico. We did everything in our power. We had to reduce the headcount, but we did everything in our power to make as smooth as a transition as we possibly could.

...

A. Again, she was selected and it was our intention to eliminate that position. But then there -- we understood basically the ramifications of doing it that quick for her, and we tried to make other accommodations as we did with other employees.

<u>See</u> ECF 59 at 4-5; ECF 36-6 Depo. of Scott Hughes at 31:16-35:15.

Plaintiff's counsel also questioned Mr. Hughes about an offer letter Ms. Hernandez received from Gestamp South Carolina on December 11, 2020.  ECF 36-6 Depo. of Scott Hughes at 39:11-43:9.  The heading of the letter is styled as "Internal Transfer – GWV," and its substance indicates that Ms. Hernandez was offered a position of employment at Gestamp South Carolina, which she accepted on December 22, 2020, with an anticipated start date of January 18, 2021.  See ECF 38-8 Letter from Gestamp South Carolina.  While the parties fail to advise the court as to when this letter was produced to plaintiff, it was available to plaintiff's counsel no later than April 13, 2023, inasmuch as plaintiff's counsel questioned Mr. Hughes about it. The record indicates the letter was available to plaintiff as early as March 17, 2023, the date defendant produced Ms. Hernandez's personnel file to plaintiff.  See ECF 59 at 6; ECF 60 at 5.

Plaintiff on the other hand asserts he did not become aware of the possible discrimination claims based on national origin and immigration status until defendant filed its motion for summary judgment on May 4, 2023.  In support of summary judgment, defendant attached the declaration of its employee, Chris Nottingham.  Mr. Nottingham stated in his declaration that Ms. Hernandez was permitted "to look for a position at another

Gestamp facility, only because of her immigration status and her desire to move."  ECF 36-1 ¶ 19(b).

The court finds that the deposition testimony of Mr. Hughes on April 13, 2023, along with plaintiff's earlier receipt of Ms. Hernandez's offer letter from Gestamp South Carolina provided plaintiff with sufficient information concerning the possible discrimination claims based on national origin and immigration status.  It is of interest that plaintiff's reply brief fails to address the above referenced testimony of Mr. Hughes.  See ECF 60.

Indeed, plaintiff himself testified during his deposition that as early as a "month or month and a half" after he was laid off on May 8, 2020, he knew that Ms. Hernandez had not been laid off and was still working at defendant's plant. ECF 36-5 Depo. of Robert Bryant 105:7-8, Id. 191:19-194:19.

Instead of acting diligently, plaintiff waited until July 27, 2023, just eight days before the pre-trial conference, and 26 days before the scheduled trial date to seek leave to amend his complaint.  Waiting three and a half months after plaintiff's counsel must have known of the potential additional claims, and until after the date for dispositive motions has passed and defendant's motion for summary judgment has been fully briefed by defendant and plaintiff, and less than one

month before the beginning of trial, shows plaintiff's lack of diligence in pursuing the amendment.

Even if the court were to accept plaintiff's position - which the evidence does not support - that he did not become aware of information concerning Ms. Hernandez and the possibility of discrimination claims based on national origin and immigration status until May 4, 2023, plaintiff failed to act with diligence in pursuing his amendment.  In his briefing plaintiff argues that the delay from May 4, 2023, until the filing of the motion for leave to amend on July 27, 2023, was "reasonable" due to defendant's "concealment" and the "normal press of business." See ECF 60 at 8-9.  On plaintiff's claim of "concealment" he has failed to provide anything other than unsupported assertions of intentional misconduct or concealment by defendant during discovery.  The court also rejects plaintiff's claim that the "normal press of business" is a reasonable ground for the untimely delay in this instance in filing the motion for leave to amend.  The court finds the plaintiff has failed to show good cause for the untimely amendment sought.

   b. <u>Leave to amend would not be warranted under Rule 15(a)(2)</u>

        Aside from plaintiff's failure to show good cause for the delay in filing the motion for leave to amend the complaint, the court finds that defendant would suffer undue prejudice if the amendment were allowed at this late stage.  If the court were to allow the additional claims to be added, defendant would be faced with having to file another motion for summary judgment addressing the newly added claims.  This would lead to increased litigation costs for defendant and would further delay the resolution of this matter.


                    IV.   Conclusion


        Based on the foregoing, the court ORDERS that "Plaintiff's Motion for Leave to Amend Complaint" (ECF 56) be, and hereby is, DENIED.

        The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.


                              ENTER: August 17, 2023


                              _____
                              John T. Copenhaver, Jr.
                              Senior United States District Judge